## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **TAYLOR TULLIER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-657-BAJ-RLB** |
| **LYFT, INC., ET AL.** | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on January 18, 2022.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TAYLOR TULLIER                                                CIVIL ACTION

VERSUS                                                        NO. 21-657-BAJ-RLB

LYFT, INC., ET AL.

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Motion to Remand. (R. Doc. 4). The motion is opposed. (R. Doc. 10).[1]

**I.    Background**

On or about September 9, 2021, Taylor Tullier ("Plaintiff") initiated this action in the 18h Judicial District Court, West Baton Rouge Parish, Louisiana. (R. Doc. 1-1). Plaintiff seeks recovery for alleged personal injuries resulting from a motor vehicle collision on or about May 26, 2021, naming as defendants Lyft, Inc. ("Lyft"), Indian Harbor Insurance Company ("Indian Harbor"), and Yanet Gebremedhin. (R. Doc. 1-1 at 1). In the Petition, Plaintiff alleges that she and Ms. Gebremedhin were both domiciled in the State of Louisiana at the time the action was filed. (R. Doc. 1-1 at 1). Plaintiff alleges that as a result of the accident, she "sustained personal injuries to her neck, back, and other parts of her body, which have caused and will continue to cause her past and future pain and suffering, mental anguish and distress, loss of enjoyment of life, disability, lost wages and medical expenses." (R. Doc. 1-1 at 2).

On November 10, 2021, Lyft and Indian Harbor removed the action, asserting that the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. (R. Doc. 1). In support of a finding of complete diversity between the parties, the Removing Defendants (which are not citizens of

---

[1] The Removing Defendants also filed a duplicate version of their opposition without any attachments. (R. Doc. 9).

1

Louisiana) assert that Ms. Gebremedhin is also a diverse defendant because she is domiciled in the State of Georgia. (R. Doc. 1 at 3). Attached to the Notice of Removal is an affidavit by Ms. Gebremedhin stating that she moved from Louisiana to Georgia, and began work with an engineering firm, on September 30, 2021. (R. Doc. 1-2). In support a finding that the amount in controversy requirement is satisfied, the Removing Defendants assert that "it is facially apparent from the Petition that the amount in controversy exceeds $75,000, exclusive of interests and costs." (R. Doc. 1 at 4).

On December 8, 2021, Plaintiff filed the instant Motion to Remand. (R. Doc. 4).

## II.  Arguments of the Parties

In support of remand, Plaintiff argues that the Court cannot properly exercise diversity jurisdiction in this action because there is not complete diversity of citizenship and the amount in controversy requirement is not satisfied. (R. Doc. 4). Plaintiff argues that the Removing Defendants have not established complete diversity of citizenship, which requires diversity at the time the action was filed in State Court and the time of removal, because the record indicates that Ms. Gebremedhin was still domiciled in the State of Louisiana when the action was filed in State Court on or about September 9, 2021. (R. Doc. 4-1 at 3-4). Plaintiff then argues that the Removing Defendants have not satisfied their burden of establishing the amount in controversy because the allegations in the Petition do not support a finding that the amount in controversy is facially apparent. (R. Doc. 4-1 at 4-5).

In opposition, the Removing Defendants submit evidence in support of a finding that there is complete diversity of citizenship and that the amount in controversy requirement is satisfied. (R. Doc. 10). The Removing Defendants submit an "amended and supplemental" affidavit by Ms. Gebremedhin, as well as supporting documents, providing that Ms.

2

Gebremedhin in fact moved to Georgia on August 24, 2021, with the intent to remain a resident of Georgia, that she stayed in hotels until her current residence was available on September 30, 2021, and that she actually began her employment in Georgia on September 2, 2021. (R. Doc. 10-1; *see* R. Docs. 10-2, 10-3, 10-4). With respect to the amount in controversy requirement, the Removing Defendants submit records and communications regarding Plaintiffs' medical history, indicating that she has been diagnosed with cervical radiculopathy and has been scheduled for a cervical MRI and epidural steroid injection. (R. Docs. 10-5, 10-6, 10-7, 10-8, 10-9). The Removing Defendants argue that this summary judgment type evidence, when combined with the allegations in the Petition, support a finding that the amount in controversy requirement is satisfied. (R. Doc. 10 at 6-10)

### III.  Law and Analysis

#### A.  Legal Standards

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed"). Remand is proper if at any time the court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c).

If removal is sought on the basis of diversity jurisdiction, then "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. §

3

1446(c)(2). If, however, the "State practice . . . permits the recovery of damages in excess of the amount demanded," removal is proper "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]." 28 U.S.C. § 1446(c)(2)(A)(ii)-(B). In Louisiana state court, plaintiffs are generally prohibited from alleging a specific monetary amount of damages sought in their petitions, and are required to state whether there is a "lack of jurisdiction of federal courts due to insufficiency of damages." La. Code Civ. P. art. 893(A)(1).

The burden of proof is on the removing defendant to establish that the amount in controversy has been satisfied. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). The defendant may make this showing by either (1) demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) setting forth facts in controversy that support a finding of the jurisdictional minimum. *Id*. If the defendant can produce evidence sufficient to show by a preponderance that the amount in controversy exceeds the jurisdictional threshold, the plaintiff can defeat diversity jurisdiction only by showing to a legal certainty that the amount in controversy does not exceed $75,000. *See*, *e.g.*, *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938); *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 869 (5th Cir. 2002); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

"In cases removed from state court, diversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court." *Coury v. Prot*, 85 F.3d 244, 248–49 (5th Cir. 1996) (citation omitted). "If diversity is established at the commencement and removal of the suit, it will not be destroyed by subsequent changes in the citizenship of the extant parties." *Id*. "The burden of proving that complete diversity exists rests upon the party who seeks to invoke the court's diversity jurisdiction." *Getty Oil Corp., a Div. of Texaco v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988).

"Federal courts are courts of limited jurisdiction [and] possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007); *see also Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) ("Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand."); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) ("We must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum.").

### B. The Amount in Controversy Requirement

Having considered the record, and the arguments of the parties, the Court need not determine whether the Removing Defendants have established that Ms. Gebremedhin was in fact a citizen of the State of Georgia, and therefore a diverse defendant, at the time this action was filed in State Court on or about September 9, 2021. That is because the Removing Defendants have not established that the amount in controversy requirement was satisfied at the time of removal.

Plaintiff seeks recovery for alleged personal injuries incurred in a motor vehicle collision. As stated above, Plaintiff alleges that as a result of the collision, she "sustained personal injuries to her neck, back, and other parts of her body, which have caused and will continue to cause her past and future pain and suffering, mental anguish and distress, loss of enjoyment of life, disability, lost wages and medical expenses." (R. Doc. 1-1 at 2). In the Notice

5

of Removal, the Defendants allege that these allegations establish that the amount in controversy is facially apparent. The Court disagrees.

"Courts have routinely held that pleading general categories of damages, such as 'pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc.,' without any indication of the amount of the damages sought, does not provide sufficient information for the removing defendant to meet his burden of proving that the amount in controversy is satisfied under the 'facially apparent' test." *See Davis v. JK & T Wings, Inc.*, No. 11-501, 2012 WL 278728, at *3 (M.D. La. Jan. 6, 2012) (citing *Alderdice v. Lowe's Home Centers, Inc.*, 2010 WL 371027 (M.D. La. Jan. 29, 2010); *Nelson v. Wal–Mart Stores, Inc.*, 2009 WL 1098905 (W.D. La. Apr. 22, 2009), and numerous cases cited therein, *Fontenot v. Granite State Ins. Co.*, 2008 WL 4822283 (W.D. La. Nov. 3, 2008); and *Bonck v. Marriot Hotels, Inc.*, 2002 WL 31890932 (E.D. La. Dec. 30, 2002)), *report and recommendation adopted*, 2012 WL 278685 (M.D. La. Jan. 31, 2012). "When, as in the instant case, the petition is vague regarding the types of injuries incurred and any future problems resulting from the incident, 'the court must conclude that it was not 'facially apparent' that the amount of damages would exceed $75,000.'" *Dunomes v. Trinity Marine Products, Inc.*, No. 14-1968, 2014 WL 7240158, at *4 (E.D. La. Dec. 19, 2014) (quoting *Broadway v. Wal-Mart Stores*, No. 00-1893, 2000 WL 1560167, at *2 (E.D. La. Oct. 18, 2000)).

The Petition does not provide sufficient facts for determining the severity of Plaintiff's injuries. Plaintiff does not allege the specific nature of her physical injuries or the treatment sought or received. Plaintiff's vague allegation that she sustained injuries to her neck, back, and other parts of her body without any specific description of those injuries indicates little more than potential soft tissue damage. There is no allegation that Plaintiff has suffered fractures or other wounds that would require immediate medical attention. Plaintiff does not allege that she

6

suffered nerve damage, herniated or bulging discs, or that her injuries resulted in or require any surgery. Plaintiff does not identify any incurred medical and drug expenses or the scope of the medical treatment she has received or continues to receive as a result of the incident. In the absence of additional factual assertions by Plaintiff regarding the extent or nature of the actual physical injuries suffered, the Petition does not provide enough information for the court to conclude that the amount in controversy is facially apparent. *See Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999).

In the context of opposing the instant Motion to Remand, the Removing Defendants submitted summary judgment type evidence in support of a finding that the amount in controversy requirement is satisfied. Accordingly, the Court will consider whether Defendants have set forth facts in controversy that support a finding of the jurisdictional minimum. Having considered the information submitted, however, the Court concludes that the Removing Defendants have not met their burden of establishing that the amount in controversy requirement is satisfied.

The documents submitted by the Removing Defendants establish the following. On May 27, 2021, the day after the collision, an urgent-care physician diagnosed Plaintiff with a strain or muscle fascia and tendon at the shoulder, neck and upper level in the left arm, and pain in the left arm. (R. Doc. 10-5 at 6). X-rays indicated that Plaintiff did not suffer any factures. (R. Doc. 10-5 at 10-12). On June 4, 2021, Plaintiff reported to her primary care physician that she had worsened shoulder and neck pain, and more frequent headaches. (R. Doc. 10-6). The treating physician diagnosed Plaintiff with cervical radiculopathy and prescribed oral medication.  On July 20, 2021, after physical therapy did not improve Plaintiff's pain, Plaintiff's treating physician diagnosed her with anxiety, prescribed anti-anxiety medication, and ordered a cervical

7

spine MRI in connection with the cervical radiculopathy. (R. Doc. 10-7). On August 26, 2021, Plaintiff's counsel provided defense counsel with Plaintiff's medical records and informed them that she has an epidural steroid injection (ESI) scheduled for September 2, 2021. (R. Doc. 10-8; *see* R. Doc. 10-9).

The Removing Defendants argue that the foregoing evidence, in conjunction with the allegations in the Petition, establish that the amount in controversy requirement is satisfied. (R. Doc. 10 at 9-10). The Removing Defendants do not provide any records supporting a calculation of Plaintiff's medical expenses or claims for lost wages or disability. Having considered the record, the Court concludes that the Removing Defendants have not met their burden of establishing the amount in controversy requirement is satisfied.

There is no shortage of decisions in this district discussing whether the amount in controversy requirement is satisfied in light of alleged spinal injuries. *See*, *e.g.*, *Simmons v. Moehrs*, No. 20-819-SDD-EWD, 2021 WL 76964, (M.D. La. Jan. 8, 2021) (requiring briefing on whether the amount in controversy requirement is satisfied even where the Notice of Removal alleged that the plaintiff had incurred $22,825.00 in medical expenses prior to removal and was accompanied by medical records demonstrating that the plaintiff was initially diagnosed with a sprain of ligaments of the cervical and thoracic spine, cervical disc disorder with radiculopathy in the mid-cervical region, tension headaches, and muscle spasm; a cervical MRI revealed small disc bulges and a herniation at C3-4; and the plaintiff had underwent approximately nine months of therapeutic treatment, including one round of bilateral occipital nerve blocks and two rounds of cervical epidural steroid injections); *Cole v. Mesilla Valley Transportation*, No. 16-841-SDD-RLB, 2017 WL 1682561, at *4 (M.D. La. Mar. 15, 2017), *report and recommendation adopted*, 2017 WL 1684515 (M.D. La. May 1, 2017) (remanding action for lack of diversity jurisdiction

where the record indicated that the plaintiff had suffered various disc bulges in the lumbar region and had been recommended an epidural steroid injection to relieve his pain).

Several recent federal court decisions have held that the removing defendant did not meet its burden of providing the amount in controversy where the plaintiff suffered disc bulging or herniation without operation, and incurred less than $15,000 in medical expenses at the time of removal. *See Barrow v. James River Ins. Co.*, No. 16-15967, 2017 WL 656725 (E.D. La. Feb. 15, 2017) (amount in controversy not satisfied where plaintiff incurred $4,600 in medical expenses at time of removal, and received physical therapy and an epidural steroid injection to treat disc herniations at L3-4, L4-5 and L5-S1); *McCain v. Winn-Dixie Montgomery, LLC*, No. 16-1546, 2016 WL 2908418 (E.D. La. May 19, 2016) (amount in controversy not satisfied where slip-and-fall plaintiff incurred $6,384 in medical expenses at time of removal, and medical records indicated annual cervical bulges at C4-5, C5-6, and C6-7; exacerbation of several preexisting lumbar disc herniations; and other injuries to wrist and hip); *Robichaux v. Wal-Mart Stores, Inc.*, No. 16-1786, 2016 WL 1178670 (E.D. La. Mar. 28, 2016) (amount in controversy not satisfied where slip-and-fall plaintiff incurred $7,555 in medical expenses at time of removal, and MRI demonstrated that the plaintiff had a "mild bilateral facet arthropathy at L3-4, bilateral facet arthropathy and a circumferential broad based posterior disc bulge with resultant mild central canal stenosis and biltateral foraminal narrowing at L4-5, and mild bilateral facet arthropathy at L5-S1"); *Powell v. Cadieu*, No. 15-4839, 2016 WL 1042351 (E.D. La. Mar. 16, 2016) (amount in controversy not satisfied where plaintiff incurred $1,948 in medical expenses at time of removal, and MRI tests indicated plaintiff had "lumbar facet arthrosis at L3-4 and L4-5 with bulging at L3-4 with annulus fibrosus tear with bulging at L5-S1 and L2-3 and L4-5"); *Arnold v. Lowe's Home Centers, Inc.*, No. 10-4454, 2011 WL 976512 (E.D. La. Mar. 16, 2011)

(amount in controversy not satisfied where slip-and-fall plaintiff incurred approximately $12,000 in medical expenses at time of removal, and suffered a herniated disc at C3-4 for which epidural steroid injections were prescribed); *cf. Thibodeaux v. GEICO Advantage Ins. Co.*, No. 16-158, 2016 WL 4055660 (M.D. La. July 8, 2016) (denying remand where "defendants correctly pointed out that the medical bills show consistent treatment with charges in excess of $45,000" and "[t]he medical records provided by the defendants similarly show that [the Plaintiff] had preexisting injuries in his neck and back that were aggravated by the . . . accident.").

Here, the Removing Defendants have not met their burden of establishing that the amount in controversy requirement was satisfied at the time of removal. As discussed above, the amount in controversy requirement is not facially apparent. The record suggests that this action was removed prior to sufficient discovery to determine the amount in controversy could be satisfied with summary judgment type evidence.

The medical records and communications submitted with their opposition support a finding of little more than soft tissue damage and a pinched nerve (i.e., cervical radiculopathy). The Removing Defendants do not provide the results of Plaintiff's MRI, much less any indication that Plaintiff has suffered from disc bulges or disc herniations. The Removing Defendants readily admit that they do not have records to quantify Plaintiff's medical expenses or to estimate her potential lost wages of disability claims. (R. Doc. 10 at 9). Given these unknowns, the Court will not speculate on a calculation of potential disability, lost wages, and medical expenses claims. The Court will also not speculate on Plaintiff's obtainable general damages given the scant evidence in the record. This action is subject to remand for lack of diversity jurisdiction under 28 U.S.C. § 1332.

### IV.     Conclusion

Based on the foregoing,

**IT IS RECOMMENDED** that Plaintiff's Motion to Remand (R. Doc. 4) be **GRANTED**, and this action be **REMANDED** to the 18th Judicial District Court, West Baton Rouge Parish, Louisiana.

Signed in Baton Rouge, Louisiana, on January 18, 2022.

          **RICHARD L. BOURGEOIS, JR.**
          **UNITED STATES MAGISTRATE JUDGE**