## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

TAYLOR TULLIER                                            CIVIL ACTION

VERSUS

LYFT, INC., ET AL.                                        NO. 21-00657-BAJ-RLB

### RULING AND ORDER

This is an auto-accident case. Plaintiff alleges that on May 26, 2021 she was exiting Interstate 12 westbound onto Millerville Road in East Baton Rouge Parish when Defendant Yanet Gebremedhin ran a red light and struck her Honda Accord. (Doc. 1-1). Plaintiff further alleges that at the time of the collision Gebremedhin "was acting within the course and scope of her employment with Lyft, Inc." (*Id.* at ¶ 5).

Plaintiff initiated her action on September 9, 2021 in the Eighteenth Judicial District Court for the Parish of West Baton Rouge, Louisiana. Plaintiff's state-court Petition names Gebremedhin, Lyft, and Indian Harbor Insurance Company ("Indian Harbor") as Defendants. (*Id.* at ¶ 1). Relevant here, Plaintiff alleges that Gebremedhin is a citizen of Louisiana, domiciled in West Baton Rouge Parish. (*Id.*).

On November 10, 2021, Defendants Lyft and Indian Harbor, through counsel, removed Plaintiff's action to this District, invoking diversity jurisdiction.[1] (Doc. 1). To establish diversity of citizenship among the parties, Defendants asserted in their Notice of Removal that Gebremedhin is, in fact, a citizen of Georgia, not Louisiana.

---

[1] Defendant Gebremedhin did not join the Notice of Removal because, according to Defendants Lyft and Indian Harbor, she had not yet "been properly joined and served with Plaintiff's Petition." (Doc. 1 at ¶ XVIII). Defendant Gebremedhin has since obtained separate counsel and made an appearance. (Doc. 15).

(Doc. 1 at ¶¶ IX-X). Defendants supported this contention with a November 9, 2021 affidavit obtained from Gebremedhin, which states, in relevant part:

> 1. … I reside at 40 Peachtree Valley Road NE, Apt. 2425, Atlanta, Georgia 30309.
>
> 2. I moved to 40 Peachtree Valley Road NE, Apt. 2425, Atlanta, Georgia 30309 on September 30, 2021. …
>
> 7. I moved from the State of Louisiana to my current address in the State of Georgia with the intent to establish my domicile in Fulton County, Georgia. I intend to remain a resident of the State of Georgia. I do not intend to move back to the State of Louisiana.

(Doc. 1-2 at ¶¶ 1, 2, 7). Lyft and Indian Harbor further asserted in their Notice of Removal that the amount-in-controversy requirement is satisfied because "it is facially apparent from the Petition that the amount in controversy exceeds $75,000, exclusive of interest and costs." (Doc. 1 at ¶ XIII).

On December 8, 2021, Plaintiff filed a Motion To Remand (Doc. 4, the "Motion"), seeking to return her case to state court. In support, Plaintiff argued that Defendants failed to establish diversity among the parties because black letter law provides that Gebremedhin's citizenship is determined on the date Plaintiff filed her original petition (September 9, 2021), and Gebremedhin's affidavit establishes only that she moved to Georgia three weeks later, on September 30, 2021; thus, Gebremedhin is still a Louisiana citizen for purposes of the jurisdictional analysis. *See Coury v. Prot,* 85 F.3d 244, 249 (5th Cir. 1996) ("In cases removed from state court, diversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court. If diversity is established at the commencement and removal of the suit, it will not be destroyed by subsequent

changes in the citizenship of the extant parties." (citations omitted). Further, and, in any event, Plaintiff argued that Defendants also failed to establish the jurisdictional minimum amount in controversy because Defendants' assertion that the Petition's face establishes damages exceeding $75,000 is not supported by the actual allegations, and Defendants have otherwise failed to submit any evidence to support a finding that damages likely exceed $75,000.

Recognizing their error, on December 29, 2021, Defendants submitted an opposition to Plaintiff's Motion, stating that they were "incorrect" to claim that Gebremedhin "moved from Louisiana to Georgia on September 30, 2021." (Doc. 10 at p. 2). Instead, conveniently, Defendants now assert that "Gebremedhin moved from Louisiana to Georgia with the intent to remain in Georgia on August 24, 2021, not September 30, 2021." (*Id.* at p. 3). Defendants base this assertion on a second, "amended" affidavit obtained from Gebremedhin on December 17, 2021—*after* Plaintiff filed her Motion To Remand—in which Gebremedhin states:

> Paragraph 2 of the November 9 affidavit states that I moved from Louisiana to Georgia on September 30, 2021. This is incorrect. Although I began occupying my current residence at 40 Peachtree Valley Road on September 30, 2021, I moved from Louisiana to Georgia with the intent to remain in Georgia on August 24, 2021.

(Doc. 10-1 at ¶ 2). Indeed, Gebremedhin's "amended" affidavit contains additional contradictions, specifically regarding when she found employment in Georgia. According to her original affidavit, Gebremedhin has "been employed by an engineering firm in Atlanta, Georgia since [September 30, 2021]." (Doc. 1-2 at ¶ 2). Gebremedhin's "amended" affidavit states that, "[i]n fact, my employment with that engineering firm began on September 2, 2021." (Doc. 10-1 at ¶ 5).

On January 18, 2022, the Magistrate Judge issued a **Report and Recommendation (Doc. 14, the "R&R")**, recommending that Plaintiff's action be remanded to state court solely based on Defendants' failure to show that the amount in controversy likely exceeds $75,000, exclusive of interest and costs. Defendants object to the R&R (Doc. 16), and Plaintiff has submitted a response to Defendants' objections (Doc. 17).

Upon *de novo* review of Defendants' removal papers, Plaintiff's Motion To Remand, Defendants' opposition, Defendants' objections to the R&R, and the exhibits attached to these various pleadings—including Gebremedhin's competing affidavits—the Court **APPROVES** the Magistrate Judge's R&R (Doc. 14), and **ADOPTS** it as the Court's opinion in this matter, adding the following:

In addition to having failed to adequately establish the minimum amount in controversy, Defendants obviously have not carried their burden of showing diversity of citizenship by a preponderance of the evidence. Defendants' assertion that Gebremedhin is a Georgia citizen turns on the accuracy of Gebremedhin's sworn statements. Here, however, Gebremedhin has submitted *two* affidavits that directly *contradict* each other regarding the material issue of whether and when she moved to Georgia with the intent to stay there. At best, Gebremedhin's contradictory statements create confusion as to her citizenship on September 9, 2021, when Plaintiff filed suit. Mere confusion is not enough to prove diversity of citizenship by a preponderance of the evidence. *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) ("Any ambiguities are construed against removal

4

because the removal statute should be strictly construed in favor of remand.").

Moreover, counsels' gambit—obtaining a second, "amended" affidavit from Gebremedhin after realizing the error in her original affidavit—smacks of gamesmanship. The upshot is that Gebremedhin has now submitted two sworn statements that directly contradict each other on the material fact of when she changed her citizenship, a fact that is uniquely within Gebremedhin's knowledge and control. Plainly, one of Gebremedhin's sworn statements is false, raising the specter of perjury. Nonetheless, counsel for Lyft and Indian Harbor have persisted in their position that Gebremedhin's Georgia citizenship is established. (*See* Doc. 16).

Perhaps most troubling, counsel for Lyft and Indian Harbor freely admit that Gebremedhin executed the "amended" affidavit at *their* behest, stating in Defendants' opposition to Plaintiff's Motion: "The original affidavit erroneously used September 30, 2021, which is the date that Gebremedhin moved into her current residence in Georgia. After Lyft and Indian Harbor communicated the error to Gebremedhin, she executed a revised affidavit and provided documentary evidence establishing that she moved from Louisiana to Georgia with the intent to remain in Georgia on August 24, 2021." (Doc. 10 at p. 3). Left unsaid is who, if anyone, provided legal counsel to Gebremedhin at the time she executed her contradictory "amended" affidavit (or, for that matter, her original affidavit). Certainly Gebremedhin *should* have been represented by counsel, given the potential penalties associated with perjury.[2]

---

[2] As indicated above, Gebremedhin is now represented by separate counsel, *supra* n.1. Counsel's first appearance in this matter, however, did not occur until January 24, 2022, more than one month after Gebremedhin executed her "amended affidavit," and one week after the Magistrate Judge issued the R&R. Notably, despite having supplied Lyft and Indian

Multiple possibilities exist regarding Gebremedhin's status as a represented party, none of them good. In one scenario, counsel for Lyft and Indian Harbor *also* represented Gebremedhin when she swore her "amended" affidavit, creating the potential for an unwaivable conflict insofar as Lyft's and Indian Harbor's interest in obtaining an "amended" affidavit from Gebremedhin is directly antagonistic to Gebremedhin's interest in avoiding perjury. *See* La. Rules of Prof'l Conduct r. 1.7 (Conflict of Interest: Current Clients). In another scenario, Gebremedhin was *not* represented when she swore her "amended" affidavit, in which case counsel for Lyft and Indian Harbor should have advised her to get an attorney prior to executing the "amended" affidavit, again due to the inherent conflict set forth above. *See* La. Rules of Prof'l Conduct r. 4.3 (Dealing with Unrepresented Person). In the final scenario, Gebremedhin *was* represented by separate counsel when she executed her "amended" affidavit, yet her counsel failed to provide adequate advice regarding the inherent risk of providing contradictory sworn statements, in violation of counsel's duties of diligence, independent judgment, and candor. *See* La. Rules of Prof'l Conduct r. 1.3 (Diligence), 2.1 (Advisor).

In sum, counsels' actions and representations to the Court regarding Gebremedhin's citizenship are deeply troubling and deserve additional exploration. Accordingly, consistent with Local Civil Rule 83(b)(12), the Court will separately issue a show cause order to initiate further proceedings to determine whether

---

Harbor two affidavits, Gebremedhin has not joined in their arguments opposing remand. (See Doc. 10 at p. 10; Doc. 16 at p. 7)

sanctions should be imposed against Defendants and/or their counsel.

Accordingly,

**IT IS ORDERED** that the Magistrate Judge's **Report And Recommendation (Doc. 14)** be and is hereby **APPROVED** and **ADOPTED** as the Court's opinion in this matter, as supplemented herein.

**IT IS FURTHER ORDERED** that Petitioner's **Motion To Remand (Doc. 4)** be and is hereby **GRANTED**, and that the above-captioned action be and is hereby **REMANDED** immediately to the Eighteenth Judicial District Court for the Parish of West Baton Rouge, Louisiana.

Separately the Court will issue a show cause order to determine what basis, if any, exists to issue sanctions against Defendants and/or their attorneys.

Baton Rouge, Louisiana, this 11th day of April, 2022

**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**